IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLTIN ELECTRIC, INC.,** | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | CIVIL ACTION NO. 12-0532-KD-B |
| **CONTINENTAL CASUALTY COMPANY,** | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the court on the motion to intervene filed by Elkins Constructors, Inc. (Elkins), the response in opposition filed by Coltin Electric, Inc. (Coltin), and Elkins' reply (docs. 18, 19, 27, 28). Upon consideration and for the reasons set forth herein, the motion is DENIED.

Background

Elkins was the general contractor for construction of a dormitory at the University of South Alabama in Mobile, Alabama. Elkins obtained a payment bond from defendant Continental Casualty Company (Continental) (doc. 1). Under the terms of the payment bond, "[a]ny person that has furnished labor, material, or supplies . . . for which payment has not been timely made may institute a civil action upon this Bond . . ." after giving appropriate written notice to the Surety Continental.[1] The bond also provides that "[t]he claimant may bring a civil action in the claimant's name on this Bond against the Contractor and the Surety, or either of them, in the county in which the Work is to be or has been performed or in any other county where venue is otherwise allowed by law" (doc. 1-1, p. 2).

Elkins entered into a subcontract with Coltin and it then provided labor, materials and supplies for electrical work on the project pursuant to the terms of the contract and change orders made thereafter (doc. 1). Coltin has now exercised its option under the terms of the payment bond to file suit in this court against Continental only. In the complaint, Coltin alleges that Elkins'

---

[1] The parties do not dispute that Coltin gave Continental proper notice of its claim.

mismanagement of the project caused Coltin to incur additional costs for performance of its work in order to meet the project completion deadline and that Elkins failed to make prompt and timely payments due to Coltin in the amount of $804,827.63.

Continental denied the allegations, raised its affirmative defenses, asserted that it is a third-party beneficiary to the subcontract between Coltin and Elkins, counterclaimed against Coltin to enforce the indemnification provision in the subcontract (doc. 8, doc. 1-2).  In addition to a general indemnification provision, the subcontract provides that Coltin shall "promptly pay for all materials, labor and equipment used in performance" of the subcontract and shall indemnify, defend and hold harmless Elkins, Continental and the project owner from "all claims, bond claims, equitable liens, mechanic's liens, damages, losses and expenses in any way related to" Coltin's work including any "disbursements paid or incurred" by the owner or Elkins (doc. 1-2, p. 4).  Continental alleges that one of Coltin's suppliers: Mayer Electric Supply Company, Inc., has filed suit for payment against Elkins' bond and another supplier, Mathes Electric Supply Company, Inc., has made a claim.

Elkins has now filed a motion for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure to intervene as a defendant (doc. 18,19). Elkins seeks to answer Coltin's complaint and counterclaim against Coltin.  Elkins also intends to bring a third-party complaint against the window installation subcontractor.  Coltin opposes the motion (doc. 27)

<u>Statement of the law</u>

Rule 24(b) states, in relevant part, states as follows:

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who: . . .

> (B) has a claim or defense that shares with the main action a common
> question of law or fact.  . . .

(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Generally, two elements must be addressed:  Whether "(1) the application to intervene was

timely; and (2) [whether] the intervenor's claim or defense and the main action have a question of law or fact in common." *Purcell v. BankAtlantic Financial Corp.*, 85 F. 3d 1508, 1513 (11th Cir. 1996) (bracketed text added).  However, leave to intervene may be denied where there has been undue delay or allowing intervention will prejudice the right of the original parties.  *See Purcell,* 85 F.3d 1508 (denying intervention where intervenor moved to intervene to prevent a vacatur in an attempt to preserve the collateral estoppel effect of the order).

Analysis

Elkins argues that it may intervene under Rule 24 as a non-diverse defendant without destroying this court's diversity jurisdiction.  Coltin argues that allowing Elkins to intervene would interfere with its right as a claimant against the bond to bring a direct independent action against Continental. Coltin also argues that allowing Elkins to intervene would prejudice Coltin because it cannot counterclaim against Elkins without destroying diversity and foregoing its choice of forum.

The payment bond provides that Coltin may elect whether to sue Continental alone or Continental and Elkins.  Thus, allowing Elkins to intervene as a defendant interferes with Coltin's express right to file an independent action against Continental.  Under Alabama law, payment bonds are construed under General principles of contract interpretation. *Hightower and Co. v. U.S. Fidelity and Guaranty, Co.*, 527 Sol 2d 698 (Ala. 1988).  Thus, the parties' intent controls. *Id.*  In that regard, this unambiguous term of the bond indicates that the parties intended to allow a claimant such as Coltin to decide whether to sue both Elkins and Continental or either of them.  Since Elkins intended for Coltin to have the right to decide whom to sue, Elkins will not be prejudiced by the denial of its motion to intervene.  On the other hand, Coltin's right under the contract to make such an election would be prejudiced should Elkins be allowed to intervene.

This action was filed on the basis of diversity jurisdiction.  Coltin is a citizen of Florida and Continental is a citizen of Illinois.  Thus, the parties to the litigation are completely diverse. 28 U.S.C. § 1332.  Generally, where the district court has original jurisdiction, such as here, 28 U.S.C. § 1367(a) confers "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*.  The statute also provides that "[s]uch

3

supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* However, in diversity cases, supplemental jurisdiction is limited by 28 U.S.C. § 1367(b), which states as follows:

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367.

Elkins is also a citizen of Florida. The statute does not limit the right of a nondiverse defendant like Elkins to intervene under Rule 24, but the statute's plain language precludes Coltin as plaintiff from obtaining supplemental jurisdiction over any claims it would have against Elkins. In other words, Coltin cannot bring any claims or counterclaims against Elkins without destroying diversity jurisdiction because the court cannot exercise supplemental jurisdiction over such claims. Coltin's position has been explained as follows:

> Under Section 1367, one may intervene as a defendant and then assert a counterclaim against a nondiverse plaintiff or a cross claim against a nondiverse party. However, the plaintiff may not respond with a claim against a nondiverse intervenor because it is a claim made by a plaintiff against a person made a party under Rule 24, a result expressly prohibited in Section 1367(b).

James W. Moore, et al, *Moore's Federal Practice,* 16 § 106.46 (3d. ed. 2003). Accordingly, such result weighs in favor of denying Elkins' motion to intervene. Otherwise, Elkins would effectively be able to redefine the defendant and change the forum; both choices that should remain with the plaintiff.

DONE and ORDERED this the 19th day of March, 2013.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE