IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN WELDIN STEWART, CIR-MI, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 12-0532-KD-B ) |
| CONTINENTAL CASUALTY COMPANY, | ) ) ) ) |
| Defendant and Counterclaim Plaintiff, | ) ) ) |
| v. | ) ) |
| COLTIN ELECTRIC, INC., | ) ) |
| Counterclaim Defendant. | ) |

## ORDER

This action is before the Court on the motion for leave to amend its responsive pleadings filed by Defendant Continental Casualty Company (Continental) (doc. 103), the joint response in opposition filed by Karen Weldin Stewart, CIR-MI, Insurance Commissioner of the State of Delaware (Stewart) and Coltin Electric, Inc., (Coltin) (doc. 111), and Continental's reply (doc. 113). Upon consideration, and for the reasons set forth herein, the motion is GRANTED.

Continental moves the Court for leave to amend its answer to assert an affirmative defense: "The Claims raised in the Complaint are barred in part as a result of releases executed by Coltin Electric Company during the course of the construction project[1] that is the subject

---

[1] Continental provided the Project Bonds for Elkins Constructors, Inc., on the construction of a dormitory at the University of South Alabama. Coltin Electric, Inc., was an electrical subcontractor on the project.

matter of this case." (Doc. 103) Continental's motion is based on a Release of Lien executed by Coltin on February 25, 2011 that in relevant part contains a partial release and waiver of liens or claims against the Project Bonds issued by Continental. (Doc. 103-1, Exhibit A) Coltin submitted the partial Release of Lien to general contractor Elkins along with the Application and Certificate for Payment as part of the progress payment procedure. (Doc. 103-2)

Previously, the Court looked to whether the Rule 16(b) Scheduling Order should be modified to allow Continental to file its amended answer and defense after the March 15, 2013 deadline. (Doc. 107, Order setting the response deadline to Continental's motion)[2] The Court explained that the Federal Rules of Civil Procedure state that such deadlines "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The Court further explained that the "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation and internal quotation marks omitted); *see Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."); *Ray v. Equifax Information Services, LLC,* 2009 WL 977313, *1 (11th Cir. 2009). The Court found that Continental had exercised diligence

---

[2] The Court relied upon Continental's explanation that it had served Coltin with the first request for production on January 18, 2013, but no electronically-stored information was produced until September 19, 2013 due in part to Coltin's counsel's withdrawal from the action which stayed the case until September 16, 2013. Continental further explained that it had filed a motion to compel production from Coltin, and then renewed its motion after the case was stayed, and consequently received the DVD of electronically-stored emails which included the release of lien on September 19, 2013. During review of the 4,200 emails stored on the DVD, Continental found the release in January 2014 and filed this motion. (Doc. 107) The Court also found that the docket indicated that the Scheduling Order had been suspended twice and amended on at least three occasions due to the withdrawal of Coltin's initial counsel, the appearance of new counsel for Coltin, the substitution of Stewart as the Plaintiff, extensions of time to complete discovery, discovery disputes, and an extension of time for expert disclosures (Doc. 107, citing Docs. 42, 48, 68, 78, 94).

2

in discovering the Release of Lien that gives rise to its affirmative defense and had shown good cause for the delay in filing its motion to amend its answer. However, the parties were given an opportunity to object to the Court's decision.

Stewart and Coltin filed their joint opposition raising several grounds for denial including prejudice should this Court allow the amendment near the close of discovery. They also argued that Continental did not act in a prudent or diligent manner in bringing this affirmative defense. (Doc. 111) Specifically, Stewart and Coltin argue that Continental knew or should have known of the Release of Lien at issue as early as June and July 2012 when Coltin provided its Summary of Claim to Continental after Elkins refused to pay.

Continental responds that at the time its answer was filed in October 2012, "counsel understood (from conversations with Elkins) that the only releases submitted by Coltin in 2011 were altered forms without any language releasing the payment bond." (Doc. 113, p. 2)

The operative language from the "altered" Release of Liens dated April 20, 2011[3] and May 5, 2011[4] reads as follows:

> The undersigned does hereby release and waive any and all liens and rights of lien, upon or against the land wherein the Project is situated and all buildings and structures thereon, for all labor, materials, equipment or services furnished through the aforesaid effective date of the last paid application for payment.

(Doc. 113-2; Doc. 113-3, p. 8)

In contrast, the operative language from the "unaltered" Release of Lien at issue dated February 25, 2011, reads as follows:

---

[3] The Release acknowledges receipt of payment for work through December 31, 2010 and includes a release to become effective upon payment for work through January 31, 2011.

[4] The Release acknowledges receipt of payment for work through January 31, 2011 and includes a release to become effective upon payment for work through February 28, 2011.

> The undersigned does hereby release Owner and its Lender and Elkins Constructors, Inc. and does hereby fully release and waive any and all liens and claims or rights of lien upon or against the Project Funds and Project Bonds, the land whereon is situated the construction Project and all buildings or structures thereon, for all labor, materials, equipment or services furnished through the aforesaid effective date of the last paid application for payment.

(Doc. 103-1) [5] The same language is found in the Release of Lien dated February 7, 2011 (Doc. 113-1)[6]

In the Summary of Claim for additional compensation that was sent to Continental in June 2012, Coltin explained that Elkins refused to "make progress payment to Coltin throughout the Spring of 2011", and then discussed the "unaltered" and "altered" claim waivers, stating as follows:

> Elkins based its position on Coltin's refusal to sign unaltered claim waivers. Notably, these unaltered waivers purported to release any rights Coltin might have to pursue compensation for the additional performance costs it was incurring due to the acceleration directed by Elkins. As it became clear that Elkins intended to starve Coltin of cash, Coltin made it clear that this, too, would be a claim issue:
>
>> As you know, Coltin Electric has not received payment for any of the work it has performed on this Project since February 2011. Most recently, Elkins has demanded that Coltin Electric execute waiver forms that would waive all of Coltin Electric's pending claims for additional compensation and performance time in order to receive payment of pending progress fund for completed contract work. This is unacceptable.
>>
>> **. . . In January and February of 2011, Coltin Electric provided you with executed waiver forms that preserved Coltin's claim**

---

[5] The Release acknowledges receipt of payment for work through Dec. 31, 2010 (mistakenly identified as "12.31.11") and includes a release to become effective upon payment for work through Feb 28, 2011.

[6] The Release acknowledges receipt of payment for work through November 30, 2010 and includes a release to become effective upon payment for work through December 31, 2010.

> **rights,** and Elkins continued to make progress payments to Coltin
> during this time. However, it appears that Elkins is now intent
> upon coercing Coltin into signing a lien and claim waiver form that
> purports to release our claim rights merely to receive contract
> funds that we have already earned . . .

(Doc. 111-2, p. 17, Citing Exhibit 27 to the Summary of Claim: Letter dated June 9, 2011) (emphasis added). The Court disagrees that this Summary of Claim would have put Continental on notice that "unaltered" waivers had been signed in February 2011. A fair reading of the Summary of Claim would lead one to believe that only "altered" waivers had been signed in February 2011.

In any event, the Court does not find prejudice because Coltin was certainly aware of waivers that it had signed. Upon consideration of the foregoing, the Court finds that Continental has shown good cause to amend the Scheduling Order's deadline for amendment to pleadings.

DONE and ORDERED this the 27th day of March 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE