IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN WELDIN STEWART, CIR-MI, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 12-0532-KD-B |
| CONTINENTAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant and Counterclaim Plaintiff, | ) ) ) | |
| v. | ) ) | |
| COLTIN ELECTRIC, INC., | ) ) | |
| Counterclaim Defendant. | ) | |

**ORDER**

This action is before the Court on the motion for reconsideration of the Court's order on substitution of plaintiff filed by defendant Continental Casualty Company (Continental) (Doc. 116) and the response in opposition filed by Karen Weldin Stewart, Cir-Mi, Insurance Commissioner of the State of Delaware (Stewart) (doc. 125). Upon consideration and for the reasons set forth herein, the motion for reconsideration is DENIED.

Previously, the Court granted Stewart's motion for substitution pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. (Doc. 66). Continental now moves the Court to reconsider its decision because of the recent discovery of an Assignment Agreement between Coltin Electric, Inc. and Ullico Casualty Company, dated October 13, 2011, before this action was filed. (Doc. 116-1) Continental asserts that the Assignment Agreement is evidence that Ullico exercised the right to succeed to Coltins's claims against Continental and its insured Elkins Constructors, Inc.,

before this action was filed and therefore, the Court should amend its order to substitute Stewart pursuant to Rule 17.

Continental does not specify which rule of procedure applies to its motion, but Rule 60(b)(2) of the Federal Rules of Civil Procedure appears to apply. In that regard, a party may obtain relief from an order where there is "newly discovered evidence that could not have been discovered earlier with reasonable diligence[.]" *M.G. v. St. Lucie County School Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014) (citing Rule 60(b)(2)). However, a "district court should only grant a motion for reconsideration on the basis of newly discovered evidence when the evidence is such that . . . reconsideration of the . . . order would probably produce a new result." *Caraway v. Secretary, U.S. Dept. of Transp.*, - - - Fed. Appx - - - , 2013 WL 6570942, *6 (11th Cir. 2013) (quoting *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir.2012) (internal quotation marks and alterations omitted).

As Stewart points out in her response, the Assigment Agreement was limited in scope since it provided for claims that were not already conveyed to Ullico "by virtue of the parties' indemnity agreements". Thus, the Assignment Agreement did not preempt the General Indemnity Agreement already executed between Ullico and Coltin and upon which this Court based its prior decision. Moreover, Ullico and Coltin agreed in the Assignment Agreement that Ullico would have the "absolute right" in its "sole discretion" to determine when and whether to prosecute "the Elkins claims. . . subject to the parties' indemnity agreements[.]" (Doc. 116-1, ¶¶ 2,3) Thus, the motion for reconsideration is due to be denied because the new evidence would probably not produce a new result.

DONE and ORDERED this the 28th day of March 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE