# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN WELDIN STEWART, CIR-MI, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 12-0532-KD-B |
| CONTINENTAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| COLTIN ELECTRIC, INC., | ) ) | |
| Third-Party Defendant. | ) | |

## **ORDER**

This action is before the Court on the Defendant Continental Casualty Company's renewed motions for judgment as a matter of law (doc. 200) and the response filed by Plaintiff Karen Weldin Stewart, Cir-Mi, Insurance Commissioner of the State of Delaware (the Commissioner) (doc. 203). Upon consideration, and for the reasons set forth herein, the motions are DENIED. Accordingly, the Court allows judgment on the verdict.

Rule 50(b) of the Federal Rules of Civil Procedure provides for renewed Rule 50(a) motions for judgment as a matter of law, as follows:

> (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the

court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

A renewed motion for judgment as a matter of law after trial "must be based on the same grounds as the earlier motion[.]" *Connelly v. Metropolitan Atlanta Rapid Transit Authority,* 764 F. 3d 1358, 1363-1364 (11th Cir. 2014) (quoting Fed.R.Civ.P. 50 advisory committee's note (2006) ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion. The earlier motion informs the opposing party of the challenge to the sufficiency of the evidence ....')

"When a court considers a motion for judgment as a matter of law—even after the jury has rendered a verdict—only the sufficiency of the evidence matters. The jury's findings are irrelevant." *Connelly,* 764 F. 3d at 1363 (citation omitted). "[T]hat Rule 50(b) uses the word 'renewed' makes clear that a Rule 50(b) motion should be decided in the same way it would have been decided prior to the jury's verdict, and that the jury's particular findings are not germane to the legal analysis." (alteration omitted) *Chaney v. City of Orlando, Fla.,* 483 F.3d 1221, 1228 (11th Cir.2007). Thus, "in deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." *Chaney,* 483 F.3d at 1228.

The "court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Gowski v. Peake,* 682 F.3d 1299, 1310 (11th Cir. 2012) (citations omitted). The question before the Court is, "whether the evidence is legally sufficient to find for" the Commissioner on the payment bond claim. *Chaney,* 483 F.3d at 1227. To reach its decision, the Court "should review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party". *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004) (citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge." *Id.* Thus, "judgment as a matter of law is appropriate only if the facts and inferences point so overwhelmingly in favor of" Continental "that reasonable people could not arrive at a contrary verdict" in favor of the Commissioner. *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010) (citation and internal marks omitted). "If reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions based on the evidence presented, the motion should be denied." *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999); *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006) (same).

Continental renews its first motion that was made at the close of the Commissioner's evidence and again at the close of all evidence. Continental argues that the Commissioner failed to proffer sufficient evidence of Coltin Electric, Inc.'s damages for disruption to raise a jury question under the total cost method.[1] Continental also argues that the Commissioner failed to establish that she could not calculate damages under any other theory such as the measured mile approach.[2]

During trial, the Commissioner presented expert testimony[3] as to the applicability of the total cost method and modified total cost method as opposed to other methods, such as the measured

---

[1] Continental argues that there are four elements as to which the Commissioner had to present acceptable proof (doc. 200, p. 4). The jury was instructed on those four elements: 1) That the nature of the particular losses makes in impossible or highly impractical to determine them with a reasonable degree of accuracy; 2) that Coltin's bid or estimate was realistic; 3) that Coltin's actual costs were reasonable; and 4) that Coltin was not responsible for the added expenses.

[2] Continental also argues that the Commissioner sought to prove damages under the modified total cost method. Continental asserts that because the Commissioner failed to adequately separate the costs for which Coltin was responsible, which is an element of a claim under the modified total cost method, the jury was left to speculate as to what adjustment should be made to the damages Coltin claimed.

[3] The Commissioner's expert John Buziak testified that the other methods Continental suggested, such as the measured mile approach, were appropriate where the issue was delay but the total cost method was appropriate where the issue was disruption caused by stacking of trades, pacing, and out-of-sequence work. He also testified that other factors precluded application of the measured mile and earned value analysis.

3

mile approach, for determining and proving the costs or damages for disruption. The Commissioner also presented evidence of the disruption of Coltin's work on the project,[4] Coltin's record-keeping on the project,[5] and the associated costs resulting from the disruption.[6] Continental rebutted the Commissioner's case also by presenting documentary evidence and expert and fact witness testimony.

Based upon the testimony and evidence presented at trial, the Court finds that Continental has failed to meet its burden to show that the evidence was so insufficient that no reasonable juror could have properly applied the total cost method or the modified total cost method to award the Commissioner $150,000 in damages for the associated costs caused by the disruption. The evidence and inferences drawn in favor of the Commissioner do not "point so overwhelmingly in favor of" Continental that no reasonable jury could reach a contrary verdict in favor of the Commissioner. *Brown*, 597 F.3d at 1173. Accordingly, Continental is not entitled to judgment as a matter of law as to this claim. *See U.S. Anchor Mfg. v. Rule Indus., Inc.*, 7 F.3d 986, 993 (11th Cir. 1993) ("If the jury verdict is supported by substantial evidence ... enough evidence that reasonable minds could differ concerning material facts—the motion should be denied.")

Continental also renews its second motion made at the close of all evidence wherein Continental argued that the Commissioner had failed to meet the jurisdictional requisite of Ala. Code § 39-1-1(b); that her action was commenced not later than one year from the date of final settlement of the contract between Elkins Constructors, Inc. and the University of South Alabama.

---

[4] Alan Rodgers, Jason Clark, Brent Diamon and Mark Hodges testified regarding the disruption of Coltin's work on the project. John Buziak testified as to stacking, pacing and out-of-sequence work. The Commissioner proffered this evidence in support of her argument that Elkins was responsible for the disruption.

[5] Alan Rodgers and John Buziak both testified regarding Coltin's record-keeping on the project.

[6] Alan Rodgers testified as a fact witness and as an expert witness regarding the initial bid or estimate for the project and as to the reasonableness of Coltin's actual costs.

4

Continental argues that the Commissioner failed to put on any evidence as to when the final settlement occurred. Continental also argues that the Commissioner and Coltin's claims are separate and both must independently satisfy the jurisdictional requisite.[7]

The Court denied Continental's Rule 50(a) motion and found that the evidence was sufficient to find that the Commissioner had met the jurisdictional requisite of filing her claim within one year of final settlement. The Court finds no basis for reconsideration.

Accordingly, Continental is not entitled to judgment as a matter of law as to this claim.

DONE and ORDERED this the 7th day of November 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[7] *See* Order granting motion for substitution pursuant to Rule 25(c) (doc. 66) and the Order denying motion for reconsideration (doc. 127). Continental also relies upon this Court's order entered June 9, 2014, wherein the Court denied Continental's motion for summary judgment based upon its argument that Coltin's claim and the Commissioner's claim were separate claims and that the Commissioner should have been added as the real party in interest under Fed. R. Civ. P. 17 instead of substituted as the plaintiff under Fed. R. Civ. P. 25(c). (Doc. 157) The Court did discuss that Continental received notice of the Commissioner's claim when she moved for substitution; however, the Court stated that it was giving a liberal construction to the notice provision because the purpose of the payment bond statute was to provide security for those who furnish labor and materials on public projects. Importantly, the Court also reiterated that the Commissioner was substituted for Coltin when the order granting the motion for substitution was entered. The Court cited *Matter of Covington Grain Co.*, 638 F.2d 1362, 1364 (5th Cir. Mar. 13, 1981), for its explanation that "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the [original] action to continue unabated when an interest in the lawsuit changes hands[.]"). In other words, the Commissioner "continued unabated" Coltin's action against Continental.