**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KAREN WELDIN STEWART, CIR-MI,** ) | |
| **INSURANCE COMMISSIONER OF THE** ) | |
| **STATE OF DELAWARE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 12-0532-KD-B** |
| ) | |
| **CONTINENTAL CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant and** ) | |
| **Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **COLTIN ELECTRIC, INC.,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |

**ORDER**

This action is before the Court on the motion for award of statutory award of attorney's fees filed by Plaintiff Karen Weldin Stewart, Cir-Mi, Insurance Commissioner of the State of Delaware (the Commissioner) (doc. 195), the evidentiary submission in support of the motion (doc 205) and the response in opposition filed by Continental Casualty Company (doc. 207). Upon consideration, and for the reasons set forth herein, the motion is GRANTED in part and the Commissioner is awarded attorney's fees in the amount of $110,124.13.

A. Statement of the law

This Court's jurisdiction is based on diversity and Alabama is the forum state; therefore, the court applies the law of the State of Alabama to determine whether a party is entitled to fees and to resolve disputes as to the reasonableness of fees. *Kearney v. Auto-Owners Ins. Co.,* 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) (citing *Coastal Roofing Co., Inc. v. David Boland, Inc.,* 309 F.3d 758,

760 (11th Cir. 2002) ("Since Boland's claim for attorneys' fees sounds in state law and reaches us by way of federal diversity jurisdiction, we apply the substantive law of Florida, the forum state." (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))). "It is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes." *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (citation omitted). "As the Supreme Court has stated:

> [I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."

*McMahan*, 256 F. 3d at 1133 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S. Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975) (citation and quotation omitted)).

"Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract" or "special equity". *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *Hartford Acc. & Indem. Co. v. Cochran Plastering Co., Inc.*, 935 So.2d 462, 472 (Ala. Civ. App. 2006) (citations omitted) (same). In this case, Ala. Code § 39–1–1(b) provides as follows:

> (b) Any person that has furnished labor, materials, or supplies for or in the prosecution of a public work and payment has not been made may institute a civil action upon the payment bond and have their rights and claims adjudicated in a civil action and judgment entered thereon. Notwithstanding the foregoing, a civil action shall not be instituted on the bond until 45 days after written notice to the surety of the amount claimed to be due and the nature of the claim. The civil action shall be commenced not later than one year from the date of final settlement of the contract. The giving of notice by registered or certified mail, postage prepaid, addressed to the surety at any of its places of business or offices shall be deemed sufficient under this section. In the event the surety or contractor fails to pay the claim in full within 45 days from the mailing of the notice, then the person or persons may recover from the contractor and surety, in addition to the amount of the claim, a reasonable attorney's fee based on the result, together with interest on the claim from the date of the notice.

Ala. Code § 39-1-1(b).

There is no dispute that Elkins Constructors, Inc. did not pay the claim submitted by Coltin

Electric, Inc. in May 2012.  The operative part of the statute provides that in an action against a surety, the party suing may seek "in addition to the amount of the claim, a reasonable attorney's fee based on the result, together with interest on the claim from the date of the notice." *Id.*

"The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court." *Kiker v. Probate Court of Mobile County*, 67 So.3d 865, 867 (Ala.2010) (citations omitted). To reach a decision as to the reasonableness of the attorney's fees requested, Alabama courts consider non-exclusive list of criteria, including: "(1) [T]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances." *Pharmacia Corp. v. McGowan*, 915 So.2d 549, 552–53 (Ala. 2004) (citation omitted).

"These criteria are for purposes of evaluating whether an attorney fee is reasonable; they are not an exhaustive list of specific criteria that must all be met." *Id.*  The Alabama courts "do not suggest that all of these criteria must be met." *Graddick v. First Farmers and Merchants Nat. Bank of Troy,* 453 So.2d 1305, 1311 (Ala. 1984).   Instead, the Supreme Court of Alabama explained that "there would hardly ever be a case where the application of attorney's fees brought into play every criterion. But they are available for the trial judge to use in connection with each claim for attorney's fees." *Id.*

The trial court may consider both expert opinion and its own judgment in determining the reasonableness of requested fees.  *See, e.g., Beal Bank, SSB v. Schilleci*, 896 So. 2d 395, 404 (Ala.

3

2004) (" 'The trial court, in connection with a consideration of the opinion evidence proffered by qualified experts, may call to his aid his own estimate of the value of such legal services after considering the aforementioned elements and, generally speaking, the allowance rests within the sound judicial discretion of the trial court.' ") (quoting *Ingalls v. Hare*, 96 So. 2d 266, 274 (Ala. 1957)).  Overall, "a fee is clearly excessive when after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." *Peebles v. Miley*, 439 So.2d 137, 143 (Ala.1983).

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.... The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted); *Beal Bank, SSB*, 896 So. 2d at 408 ("When an applicant for attorney fees has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.") (internal quotations omitted)

The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11, 104 S.Ct. 1541 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir.1999) (citation and internal quotation marks omitted).

In determining whether the time expended is reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary" *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or

experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted).  Where records show

unreasonable hours billed, the Court "has two choices: it may conduct an hour-by-hour analysis or it

may reduce the requested hours with an across-the-board cut" but not both.  *Bivins*, 548 F. 3d at

1350, 1351-1352 (concluding that the district court erred "in arriving at the lodestar" because it

"conducted both an hour-by-hour analysis and applied an across-the-board reduction of the

requested compensable hours.")

   After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more

appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's

success in the suit." *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357,

1359 (11th Cir. 2006); *Bivins*, 548 F. 3d at 1352 (finding that a downward adjustment to the

lodestar by 50% was "warranted only if the plaintiff was partially successful in his claims" and that

the "*Johnson* factors are to be considered in determining the lodestar figure" but "should not be

reconsidered in making either an upward or downward adjustment to the lodestar—doing so

amounts to double-counting.")

   B. Analysis

   The Commissioner moves the Court for an award of a reasonable attorney's fee pursuant to

Ala. Code § 39-1-1(b).  The Commissioner argues that she has complied with the conditions set

forth in the statute and is entitled to an award of $281,154.66, as summarized below:

   1. Attorneys' fees charged by Burns, Cunningham & Mackey          $140,787.50[1]

   2. Litigation expenses (costs) by Burns, Cunningham & Mackey      $47,802.14

   3. Attorney fees charged by Black & Gerngross, P.C.               $61,710.70

   4. Litigation expenses (costs) by Black & Gerngross               $4,690.70

---

[1] Peter S. Mackey and Clay T. Rossi represented the Commissioner.  Mackey seeks fees in the amount of $103,565.00 and Rossi seeks fees in the amount of $37,222.50 for a total of $140,787.50.

[2] *Cargill Ltd. v. Jennings,* 308 Fed.Appx. 385, 388 (11th Cir. 2009) ("Cargill submitted affidavits

| | |
|---|---|
| 5. Attorneys' fees charged by Clifford C. Sharpe | $5,780.00 |
| 6. Attorneys' fees charged by Emmanuel, Sheppard & Condon | $11,197.50 |
| 7. Litigation expenses (costs) by Emmanuel, Sheppard & Condon | $580.62 |
| 8. Attorneys' fees charged by Faughnan Mendicino | $8,605.50 |
| Total | $281,154.66 |

(Docs. 195, 205)

In support the Commissioner has provided the Court with the affidavits of her counsel[2] (docs. 205-1 through 7), the affidavits of two local attorneys, Reggie Copeland, Jr. and Gregory Vaughan, in support of the reasonableness of the hourly rate and hours expended (docs. 205-13; 205-14).[3] The Commissioner also provided the billing statements from counsel wherein they submit their hourly rates, work performed, and hours expended in this action (docs. 205-8 through 12).

1. Whether the Commissioner has met the statutory requisites for recovery of an attorney's fee under Ala. Code § 39-1-1(b)

Continental argues that the Commissioner does not meet the statutory requisites for an award of attorney's fees under Alabama Code § 39-1-1(b) and is not entitled to any attorney fees because of the disparity between the "the results ultimately obtained . . . in light of the value of the claim asserted in [the Commissioner's] statutory notice and lawsuit." (Doc. 205, p. 4) Continental argues that the statute contemplates attorney's fees "in addition to the amount of the claim" and "based on the result" but since $150,000 is approximately 19% of the amount claimed, $804,827.63,

---

[2] *Cargill Ltd. v. Jennings,* 308 Fed.Appx. 385, 388 (11th Cir. 2009) ("Cargill submitted affidavits that detailed the time expended for specific tasks undertaken by its legal counsel from which the district court could determine if the time allotted and charges incurred were reasonable. The court was entitled to award attorney's fees based on the information in those affidavits.")

[3] *Duckworth v. Whisenant*, 97 F.3d 1393, 1396–97 (11th Cir. 1996) ("Contrary to Defendant's supposition, this circuit has recognized that a movant may meet his burden by producing either direct evidence of rates charged under similar circumstances *or opinion evidence* of reasonable rates.") (italics in original).

attorney's fees cannot be in "addition" to the claim; and therefore, "based on the results" - a recovery of only 19% - the Commissioner is not entitled to any attorney's fees. (Doc. 207, p. 5)

By affidavit, counsel for the Commissioner state that the "results obtained …were wholly satisfactory given the . . . novel questions of law and difficulties involved in prosecuting this case." (doc. 205-1, p. 9, Affidavit of Peter Mackey); doc. 205-3, p. 6, Affidavit of Clay Rossi)  Counsel also stated that

> The results obtained for the plaintiff were wholly satisfactory given the . . . novel questions of law and difficulties involved in prosecuting this case.  In light of the ruling of the Court precluding presentation of labor costs at the agreed upon rate of $45 per hour, the results obtained are satisfactory to the Estate [the Commissioner], which has offered to settle[] the matter in full for the payment by [Continental] of the sum of $200,000.00 before the firm of Burns Cunningham & Mackey was engaged by [the Commissioner] in the Fall of 2013.

(Doc. 205-2, p. 8, Affidavit of Frederick Gerngross) (bracketed text added).

The controlling statute provides that an award of attorney's fees is discretionary, *i.e.*, "may recover . . . a reasonable attorney's fee", and "based on the result." Ala. Code 39-1-1(b).  Thus, the sixth criteria identified in *Pharamacia* - "the measure of success achieved" - is brought into play.

Continental relies upon the decision in *Columbus Rock Co. v. Alabama General Ins. Co.,* 153 F. Supp. 827 (M.D. Ala. 1957) to argue that the Commissioner is not entitled to an award because the recovery was for substantially less than the amount demanded in the statutory notice and the amount alleged in the complaint.  However, nothing in the statute indicates that the Commissioner is not entitled to any attorney's fees because she did not recover the entire amount for which she had sued.  Moreover, if, after review of the relevant criteria, the court finds that the attorney's fees are unreasonable, "the appropriate action is not to deny the claim altogether but to enter a judgment for a reasonable amount of attorney's fees."  *Willow Lake Residential Ass'n v. Juliano*, 80 So.3d 226, 240 (Ala. Civ. App. 2010).

2. Whether the fee request is unreasonable

Continental argues that should the Court find that the Commissioner has met the statutory requisites and is entitled to an award of attorney's fees, the fee request is unreasonable.

a. Contingency fee agreement

Continental argues that the attorney's fee requested for Burns Cunningham and Mackey is unreasonable because it is limited by their 30% contingency agreement.  Continental argues that the award should be limited to $43,500 - 30% of $145,000, the net judgment, and that the amount should be further reduced "based on the result" as provided in Ala. Code § 39-1-1(b) to an award of $7,830.00, which represents 18% of the maximum recovery of $43,500.  Continental cites to several decisions applying Florida law and argues that where there is a contingency fee agreement, the amount due under that agreement becomes the maximum that the Court can award (doc. 207, p. 8).

However, under Alabama law, whether the fee agreement was fixed or contingent is one factor among others for the Court to consider in determining a reasonable attorney's fee.  *See Hartford Acc. & Indem. Co.,* 935 So.2d at 474. The Supreme Court of Alabama explained that "[i]f someone is willing to take the great risk of giving up the sure quantity for the uncertain, and wins, then the uncertain prize should be worth more than the certain one." *Peebles v. Miley*, 439 So.2d at 142.  The risk must be considered when determining the reasonableness of a fee, but the fact that BCM had a contingent fee agreement with the Commissioner does not bind the Court to find that a reasonable attorney's fee is the amount that BCM would have obtained under the contingency fee agreement. Therefore, this argument lacks legal support under Alabama law.

b. Whether the fees are justified

Continental also argues that the attorney's fees are unreasonable because they are unjustified, constitute economic waste, and could have been avoided. Continental points out that the fees began to accrue in a "meaningful way" after BCM appeared in September 2013 and that if the Commissioner had accepted Continental's offer of judgment in the amount of $150,000 made soon

after BCM's appearance, "all those fees could have been avoided." (Doc. 207, p. 10)  Continental asserts that awarding attorney's fees that were incurred to obtain a result no greater than the offer of judgment would encourage parties to pursue claims and unnecessarily incur expenses when a reasonable settlement offer has been made.

The Commissioner's decision to go to trial instead of accepting an offer of judgment does not appear to fall within the criteria identified in *Pharmacia Corp.*  The Court acknowledges that the list of criteria is not exhaustive and that other criteria may be considered.  The little Miller Act sets forth specific instructions for making an offer of judgment. Ala. Code 39-1-1(d) provides as follows:

> (d) In the event a civil action is instituted on the payment bond, at any time more than 15 days before the trial begins, any party may serve upon the adverse party an offer to accept judgment in favor of the offeror or to allow judgment to be entered in favor of the offeree for the money or as otherwise specified in the offer. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service and the clerk of the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of the offer shall not be admissible. If the judgment finally obtained by the offeree is less favorable than the offer, the offeree shall pay the reasonable attorney's fees and costs incurred by the offeror after the making of the offer. An offer that is made but not accepted does not preclude a subsequent offer. When the liability of one party to another party has been determined by verdict, order, or judgment, but the amount or extent of the liability remains to be determined by further proceedings, any party may make an offer of judgment, which shall have the same effect as an offer made before trial if the offer is made no less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

Ala. Code 39-1-1(d).

In relevant part, the statute provides that "[i]f the judgment finally obtained by the offeree is less favorable than the offer, the offeree shall pay the reasonable attorney's fees and costs incurred by the offeror after the making of the offer." *Id.* The statute makes clear that the Commissioner would be responsible for Continental's attorney's fees incurred after the offer, should the judgment finally obtained be less than the offer.  Nowhere does the statute indicate that the Commissioner has

lost her entitlement to a reasonable attorney's fee because she did not accept the offer of judgment.

The purpose of the little Miller Act is to provide security to the suppliers and subcontractors on public works project in lieu of lien rights available on private projects. *Johnson Controls, Inc. v. Liberty Mut. Ins. Co.*, - - - So. 3d - - -, 2014 WL 1874599, *10 (Ala. 2014) (not yet released for publication) (internal quotation marks and citations omitted) (bracketed texts in original).   To preclude a plaintiff from obtaining the reasonable attorney's fees provided by the statute, on basis that the plaintiff decided to go to trial rather than accept an offer of judgment that the defendant considers reasonable, would run contrary to the purpose of the statute and the security provided thereunder.

The Court, which is familiar with the prevailing rates in the local market, may also act as its own expert and rely on its knowledge and experience to determine the reasonableness and propriety of the requested fees.  *See Beal Bank, SSB,* 896 So. 2d at 404; *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994).  The Court finds that the hourly rates requested for BCM attorneys Mackey and Rossi are reasonable.  BCM requested $275.00 per hour for Mackey who has thirty years of experience and specialized experience in construction litigation, and $175.00 per hour for Rossi, an associate with nine years of experience including four years in insurance defense.[4]  Continental has not objected to the hourly rates. *Goldsby v. Renosol Seating, LLC,*  2013 WL 6535253, at *9 (S.D. Ala. Dec. 13, 2013)  ("[T]his Court's customary hourly rates for attorneys. . . ranges from $250.00

---

[4]  The Commissioner provided the affidavit of Gregory Vaughan a local attorney with ten years experience in civil practice with the majority involving collection matters including construction collection claims.  Vaughan states that his hourly rate ranges from $165.00 to $195.00 per hour (doc. 205-14).   The Commissioner also provided the affidavit of Reggie Copeland, Jr., a local attorney with approximately 35 years experience in civil litigation in state and federal courts including personal injury, products liability, commercial and governmental liability.  Copeland stated that he reviewed the billing records provided by BCM and after consideration of the *Johnson* factors, offered his opinion that the hours expended were reasonable and that a reasonable hourly rate for Mr. Mackey was $275.00 per hour and a reasonable hourly rate for Mr. Rossi was $175.00 per hour (doc. 205-13).

to $300.00 for more experienced and qualified attorneys[ and]$150.00 to $225.00 for less

experienced attorneys and associates with few years of practice. . .”); *Mitchell Co., Inc. v. Campus*,

slip op., 2009 WL 2567889 at *1 & *17-18 (S.D. Ala. Aug. 18, 2009) (finding $275.00 was a

reasonable rate for an attorney with approximately 34 years of experience); *Rhodes v. Davis*, 2010

WL 4260048, *6 (S.D. Ala. Oct. 25, 2010) (finding that $300.00 was a reasonable hourly rate for

Mackey’s partner William Cunningham and $175.00 was a reasonable hourly rate for Rossi).

The Court further finds that the work performed and the hours expended as documented by

BCM and supported by the affidavits of disinterested attorneys appear to be reasonably incurred in

this action. (Doc. 205-8-12, affidavits Doc. 205-13 and 205-14)   However, upon consideration of

the factors identified in *Pharmacia*, 915 So.2d at 552–53, primarily the measure of success achieved

and the contingent fee agreement, and balancing the factors against the purpose of the little Miller

Act, the Court finds that an across the board cut of twenty-five (25%) is reasonable in this action,

which results in an award of $105,590.63. ($140,787.50 x .25% = $35,196.87)

Mackey stated in his affidavit that when BCM was originally retained by Coltin, a $5,000

retainer was paid to BCM, and that the retainer was exhausted on the Commissioner’s motion to

intervene, thus, any award of fees should be reduced by that amount or that Coltin should be

reimbursed (doc. 205-1, p. 4).  Accordingly, the Commissioner’s request for an award of a

reasonable attorney’s fee is granted in part and the Commissioner is awarded $100,590.63 as a

reasonable attorney’s fee for the work performed by BCM.

c. Whether the Commissioner’s request for fees from multiple firms is unreasonable

Continental argues that the Commissioner’s request is unreasonable because she failed to

meet her burden of demonstrating that the time spent by the attorneys reflects the distinct

contribution of each lawyer and law firm to the case and the customary practice of multiple-lawyer

litigation.  Continental argues that the Commissioner is only entitled to recover fees for multiple

attorneys if she shows makes this showing.

In *Norman,* the circuit court explained that "[r]edundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."  836 F.2d at 1301–1302.  In that regard, this Court has stated that

> "[T]here is nothing inherently unreasonable about a client having multiple attorneys. For that reason, a reduction for redundant hours is warranted only if the attorneys are unreasonably doing the same work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation. Thus, a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation. But the fee applicant has the burden of showing that, and where there is an objection raising the point, it is not a make-believe burden." *Barnes,* 168 F.3d at 432 (internal citations and quotations omitted). *See also Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1208 (11th Cir.1983), *holding modified on other grounds, Gaines v. Dougherty Cnty. Bd. of Educ,* 775 F.2d 1565 (11th Cir.1985) ("While *Johnson* recognizes the possibility of unnecessary duplication for which double compensation should not be t, 488 F.2d at 717, a reduction is warranted only if the attorneys are *unreasonably* doing the *same* work.").

*Oden v. Vilsack,* 2013 WL 4046456, *9 (S.D. Ala. Aug. 9, 2013 (slip copy)

i. <u>Black and Gerngross, P.C.</u>

Continental argues that the Commissioner has not met her burden to show that she is entitled to recover the $61,710.70 charged for the time spent by Frederick Gerngross.  Continental argues that Gerngross' participation was that of a liaison or client representative who filed no documents other than a motion for pro hac vice admission, did not participate in trial except for jury selection, and was the only client representative in the courtroom during trial.  Continental points out that in Gerngross' affidavit he states that he was compelled to participate in and monitor the pre-trial matters and to attend trial to represent the Commissioner's interests.  Continental also argues that

Gerngross' billing statements are heavily redacted such that the Court cannot ascertain the work performed, and therefore, the Commissioner has not met her burden to document the work performed and hours.

The billing statements appear to have been redacted to exclude work performed for other clients. Thus, the descriptions of the work performed and time expended as to this action are reasonably ascertainable from the statements.[5] In that regard, the majority of the time entries are for review and analysis and follow-up regarding work performed by Faughnan Mendicino, PLLC, BCM, or Clifford C. Sharpe and emails, telephone conferences, and follow-up conversations regarding the work performed.[6] Although Gerngross states that in his opinion, there was no unnecessary duplication of effort between him and other counsel (doc. 205-2, p. 5, affidavit), nothing in the descriptions of the work performed indicates any distinct contribution by Gerngross but instead his work appears to be redundant of that performed by other counsel. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. Accordingly, the Commissioner's request for attorney's fees as to Black and Gerngross is denied.

ii. Clifford C. Sharpe

Continental argues that the Commissioner has not met her burden to show that she is entitled to recover the $5,780.00 charged for the time spent by attorney Clifford C. Sharpe. Continental argues that the Commissioner failed to show the distinct contributions of Sharpe to her action

---

[5] The Court notes that several time entries appear to have been reduced by hand-written notations of lesser numbers of hours than the printed time entry. (Doc. 205-9, p. 93-97)

[6] For example, one entry reads – "Review and analysis of Claims Summary of Fred Mendicino; review and analysis of Court Order re: Expert Deposition; follow up with P. Mackey re: Staak analysis and agreement for settlement, extent of claim and damages; conference with Staak re: same; follow up with Staak re: request for production, Rodgers input to claim; conference with P. Mackey, discovery order and sanctions." (Doc. 205-9, p. 80)

against Continental.  First, Continental argues that Sharpe represented the Commissioner on her motion for substitution, which was opposed by Coltin, and thus his substantive efforts were related to a dispute between Coltin and the Commissioner as to the proper claimant.   Second, Continental argues that after the motion for substitution was granted and BCM appeared on behalf of the Commissioner, the time entries indicate that Sharpe reviewed court filings that were otherwise reviewed by BCM.  Thus, as to the latter, there is no evidence that he performed any work to advance the Commissioner's claims that was not already performed by BCM attorneys.

As with Gerngross, Sharpe offers his opinion that the work he performed was not an unnecessary duplication of the work performed by BCM or Gerngross.  However, the majority of Sharpe's time entries after the motion for substitution was granted indicate that he reviewed court filings such as orders, motions and briefs; reviewed other documents such as the jury instructions, interrogatories, discovery responses, and the offer of judgment; reviewed and replied to emails; and participated in telephone conferences.  (Doc. 205-10, p. 1, 5-11)  Nothing in the descriptions of the work performed indicates any distinct contribution by Sharpe but instead his work appears to be redundant of that performed by other counsel, specifically BCM.  When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.  Accordingly, the Commissioner's request for an award of Sharpe's attorney's fees for work performed after the Commissioner was substituted as the plaintiff is denied.

However, Sharpe's work performed on the motion for substitution is not redundant to the work performed by BCM.[7]  At that time, Sharpe and Gerngross represented the Commissioner.

---

[7]  BCM filed a notice of appearance on behalf of the Commissioner on September 13, 2013 (docs. 73,74).

Sharpe's time entries indicate that he researched, drafted and briefed the motion for substitution, reviewed the responsive briefs, field a reply, communicated with opposing counsel, and maintained contact with Gerngross. Sharpe expended 19.1 hours.  (Doc. 205-10, p. 2-4).  By affidavit, Sharpe asserts that $175.00 is a reasonable hourly rate for his services under the particular circumstances of this action and that this rate is consistent with the prevailing market rate for an attorney in this district, with his experience, skill, and almost 30 years of general civil practice.

The Court finds that Sharpe's hourly rate of $175.00 is reasonable for an attorney of his skill, experience, reputation, and years of practice. The rate is in line with the rate customarily charged in this district for similar legal services. *See Barnes*, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

The Court further finds that the work performed and the 19.1 hours expensed are reasonable. Sharpe was employed to represent the Commissioner in her motion for substitution, which contained an alternative motion to intervene (doc. 44, 49). Sharpe was successful in obtaining substitution for the Commissioner. Coltin opposed the motion for substitution unless certain conditions were met, but did not oppose the motion to intervene (doc. 50).  Continental opposed the motion and filed a response, a supplemental response, and a second supplemental response. Continental argued primarily that the Commissioner should be substituted under Rule 17 instead of Rule 25(c) or Rule 24 (docs. 51, 56, 60; doc. 116, motion for reconsideration).  The motion for substitution required review of several complex documents executed between ULLICO Casualty Company and Coltin as well as the Rehabilitation and Injunction Order wherein the Commissioner became the Receiver for ULLICO, and consideration of the complicated relationships between Continental and its insured Elkins Constructors, Inc., and between Coltin and ULLICO regarding several construction projects including the University of South Alabama project with Elkins.

15

In addition to consideration of the relevant criteria set forth by the Alabama courts, *see Graddick,* 453 So.2d at 1311 (explaining that "there would hardly ever be a case where the application of attorney's fees brought into play every criterion."), the court may consider its own judgment in determining the reasonableness of requested fees. *Beal Bank, SSB*, 896 So. 2d at 404 (" 'The trial court, in connection with a consideration of the opinion evidence proffered by qualified experts, may call to his aid his own estimate of the value of such legal services after considering the aforementioned elements . . ."and, generally speaking, the allowance rests within the sound judicial discretion of the trial court.' "); *Loranger,* 10 F.3d at 781.  Accordingly, upon consideration of the relevant factors, the Commissioner's request for an award of attorney's fees in the amount of $3,342.50[8] for the work performed by Sharpe as to the motion for substitution is granted.

(d) Whether the Commissioner is entitled to attorney's fees incurred while Coltin was the plaintiff

Continental argues that the Commissioner is not entitled to any attorney's fees incurred for work performed prior to BCM's appearance as counsel for the Commissioner because those fees were for work performed for Coltin instead of the Commissioner.  Continental argues that the Commissioner and Coltin pursued separate claims and actions on the payment bond and that only the Commissioner successfully pursued her action; therefore, the attorney's fees requested for Emmanuel, Sheppard and Condon ($11,197.50) and for Faughnan Mendicino ($8,605.50) who represented Coltin before the Commissioner was substituted as the plaintiff, should not be awarded.  The Court finds Continental's motion to be without merit.  The Commissioner was substituted for Coltin as the plaintiff in this action. As such, the action continued unabated and the Commissioner pursued Coltin's claims against the surety bond.

i. Faughnan Mendicino, PLLC.

In support of her motion, the Commissioner submitted the affidavit of Fred A. Mendicino

---

[8] The fee is calculated as follows: 19.1 hours x $175.00 = $3,342.50.

wherein he states that the firm of Faughnan Mendicino, PLLC, expended a total of 44.3 hours.  In

support of his requested hourly rate of $235.00, he states that he is admitted to practice in numerous

state and federal courts; has practiced law since 1992 (approximately 22 years); that his firm has

substantial experience in surety, construction and employment/education law; and he is head of the

construction and surety practice (doc. 205-6).  As previously stated, the Court, which is familiar

with the prevailing rates in the local market, may also act as its own expert and rely on its

knowledge and experience to determine the reasonableness and propriety of the requested fees.  *See*

*Beal Bank*, *SSB*, 896 So. 2d at 404; *Loranger*, 10 F.3d at 781.  The Court finds that the $235.00

hourly rate requested for Mendicino, an attorney with twenty-two years of practice and expertise in

construction and surety practice is reasonable.

Mendicino also offers his opinion that the same hourly rate should be awarded for the work

performed by his partner James F. Faughnan.  Mendicino did not provide the Court with any

information as to the year of practice, skill, experience, or areas of expertise as to Faughnan.  Thus,

the Court is faced with an "indeterminate experience" situation for a partner.  In such

"indeterminate experiences" concerning law firm partners, this Court has awarded a rate of $225.00

per hour.  *See, e.g., Wells Fargo Bank, N.A. v. Williamson*, 2011 WL 382799, *4 (S.D. Ala. Feb. 3,

2011). Therefore, the Court finds that an hourly rate of $225.00 is reasonable for Faughnan.

Mendicino asserts that $185.00 is a reasonable hourly rate for the "other attorneys" who

worked on the case: Thomas M. O'Connell, Wayne D. Garris, and Dylan M. Marck. (Doc. 205-6, p.

2) However, there is no information in his affidavit as to their years of practice, experience, special

skills, expertise, or other information from which the Court may determine a reasonable hourly rate

for the work performed.  In this district, the Court has awarded an hourly rate of $150.00 where the

associates' years of practice, experience, skill, and expertise were indeterminate. *Vision Bank v.*

*Anderson*, 2011 WL 2142786 (S.D. Ala. May 31, 2011); *SE Property Holdings, LLC v. 145, LLC*,

2012 WL 6681784, 4 (S.D. Ala. Dec. 21, 2012) (awarding $150.00 per hour for associates where there was "no evidence of these associates' expertise and experience".)

The Court next looks to the reasonableness of the hours expended by the firm.  The invoice indicates that time was spent drafting the complaint; researching Alabama law; research and preparation of an agreement between ULLICO and Coltin; correspondence, discovery, privilege review of documents, reviewing pleadings, and research and preparing the answer to Continental's counterclaim; research regarding assignments, real parties in interest, and indispensible parties;[9] and preparing the motion to withdraw (doc. 205-12).

Mendicino invoiced a total of 7.60 hours for work performed.  The Court finds that 5.60 hours represents work and time that was reasonably incurred in furtherance of the claim against Continental.  Mendicino finalized the complaint, communicated with counsel, and worked on the answer to the counterclaim and the report of parties' planning meeting (doc. 205-12).   However, the Court declines to award an attorney's fee for the time spent preparing the motion to withdraw, 2.00 hours, since this did not advance the claim.  *See Oden,* 2013 WL 4046456, at *23 (disallowing time spent responding to an objection to the motion to withdraw as not for the plaintiff Oden's benefit).  Accordingly, the Commissioner's request is granted in part and the Commissioner is awarded $1,316.00 for 5.60 hours of work performed by Mendicino at the hourly rate of $235.00.

Faughnan invoiced a total of 1.60 hours for work performed.  Faughnan reviewed Continental's answer to Coltin's discovery requests and drafted Coltin's responses to Continental's discovery.  The Court finds that this work and time was reasonably incurred in furtherance of the claim and does not appear redundant to that of other attorneys in the firm.  Accordingly, the Commissioner's request is granted in part and the Commissioner is awarded $360.00 for 1.60 hours of work performed by Faughnan at the hourly rate of $225.00.

---

[9] Continental asserted a defense that Coltin had failed to join an indispensible party – Elkins Constructors, Inc., the general contractor. (Doc. 8, Answer and Counterclaim).

O'Connell invoiced a total of 21.8 hours for work performed.  O'Connell prepared the complaint, researched causes of actions against sureties in Alabama, prepared an agreement, prepared written discovery, reviewed and prepared an answer to the counterclaim, attended the parties' planning meeting, reviewed the proposed Rule 26 report, and communicated with other counsel.  O'Connell also prepared his motion to withdraw and motions to appear pro hac for Mendicino and Faughnan.   The Court finds that the majority of the work performed was reasonably incurred.  However, the Court declines to award an attorney's fee for the time spent preparing the motion to withdraw, 1.20 hours, since this did not advance the claim.  *See Oden,* 2013 WL 4046456, at *23. The Court also declines an award for the .40 hours spent preparing the motions to appear pro hac vice.  The motions consist of two sentences and the attached applications are fill-in-the-blank forms.  Thus, this appears largely a clerical task.  The Court also declines an award for O'Connell's time spent in conference, preparation, or review regarding the parties' Rule 26(f) report – 2.70 hours.  Both Mendicino and O'Connell conferenced with opposing counsel and with local counsel in preparation of the parties' Rule 26(f) report and Mendicino entered time for preparation of the draft for circulation. O'Connell's time is redundant and does not indicate any distinct contribution on his part.  Accordingly, the Commissioner's request is granted in part and the Commissioner is awarded $2,625.00 for 17.5 hours of work performed by O'Connell at the hourly rate of $150.00.

Marck invoiced a total of 5.40 hours for work performed.  Marck primarily researched questions regarding sureties and contract and assignments and issues regarding the real party in interest and indispensible parties.  The Court finds that the 5 hours spent on this research is reasonable.  However, the Court declines an award for time spent preparing and organizing documents for substantive review - .40 hours.  Garris' time entries indicate that he conducted a privilege review of Coltin's documents as part of preparing the documents for production.  Thus,

Marck's time is redundant to that of Garris and does not indicate a distinct contribution.

Accordingly, the Commissioner's request is granted in part and the Commissioner is awarded

$750.00 for 5 hours of work performed by Marck at the hourly rate of $150.00.

Garris invoiced a total of 8.90 hours for work performed.  He drafted objections and

responses to the requests for production of documents, reviewed Coltin's documents for privilege,[10]

and prepared the documents for production.  However, Garris' hours are reduced by 1.30 because

these hours are redundant. Faughnan expended 1.30 hours to draft, edit and finalize objections and

responses to requests for production of documents.  The remainder of Garris' time is compensable.

Reviewing documents for privilege shows Garris' distinct contribution to the litigation.

Accordingly, the Commissioner's request is granted in part and the Commissioner is awarded

$1,140.00 for 7.60 hours of work performed by Garris at the hourly rate of $150.00.

In addition to consideration of the relevant criteria set forth by the Alabama courts, *see*

*Graddick,* 453 So.2d at 1311 (explaining that "there would hardly ever be a case where the

application of attorney's fees brought into play every criterion."), the court may consider its own

judgment in determining the reasonableness of requested fees. *Beal Bank, SSB*, 896 So. 2d at 404 ("

'The trial court, in connection with a consideration of the opinion evidence proffered by qualified

experts, may call to his aid his own estimate of the value of such legal services after considering the

aforementioned elements . . ."and, generally speaking, the allowance rests within the sound judicial

discretion of the trial court.' "); *Loranger,* 10 F.3d at 781.  Accordingly, upon consideration of the

relevant factors, and as set forth above, the Commissioner is awarded attorney's fees in the total

amount of $6,191.00 for the work performed by Faughnan Mendicino.

ii. Emmanuel Sheppard and Condon

In support of her motion, the Commissioner submitted the affidavits of Andrea Lyons and

---

[10]  The Court is aware of the volume of documents produced during discovery in this action.

H. Wesley Reeder, attorneys with Emmanuel Sheppard and Condon, which served as local counsel for Faughnan Mendicino.  Both Reeder and Lyons state that they have attached an exhibit which contains descriptions of the time expended in connection with their representation.  The Court has reviewed the Time Sheet provided by Emmanuel Sheppard (doc. 205-11).

Lyons states that she spent 1.3 hours, billed at $155.00 to $175.00 hourly, and that $175.00 is a reasonable hourly rate. Lyons is an associate with 6 years of practice who has worked in commercial litigation at Emmanuel Sheppard since 2010  (doc. 205-5, Lyons Affidavit).   Lyons' time entry for .50 hours on October 11, 2012, reads "Read Complaint.  Review Answers by Ullico, Benchmark and Coltin.  Receipt and review of e-mail from Tom [O'Connell]" (doc. 205-11, p. 5).  However, this work does not appear related to this litigation.  In another time entry that same day, Reeder entered: "Cursory review of complaint, draft answers in state court action, . . . review answers (x3) . . . preparation and filing of answers . . ." (Id.).  Thus, it appears that the complaint and the three answers were filed in a state court action.  In this court, Coltin filed the complaint and Ullico and Benchmark are not parties.  Continental did file a counterclaim against Coltin on October 15, 2012, which Coltin answered on November 5, 2012; almost a month after Lyon's time entry. Thus, it appears that Lyons was not referring to Coltin's answer to Continental's counterclaim.

Lyons also entered a total of .40 hours for sending or receiving emails of unidentified content to or from the client and communicating with Mendicino's office and locating documents they requested.  The Court finds that this time is not compensable because the Court cannot ascertain what legal work was performed for Coltin in this action.  Lyons also entered .40 hours on August 23, 2012, for "various intra-office emails regarding proceeding with suit.  Discuss same with Wes Reeder.  Work with Sherry regarding complaint" (doc. 205-11, p. 3).   The complaint in this action was filed on August 22, 2012.  Thus, this work appears related to this action.  However,

the time spent is redundant to that of Reeder who communicated with O'Connell at Faughnan Mendicino and with paralegals in his own office regarding drafting and filing the complaint. Accordingly, the Commissioner is not entitled to an award for the work performed by Lyons and the request is denied.

Reeder states that he has spent a total of 34 hours in this action, billed at $250.00 to $285.00 per hour during the time frame (he now bills $295.00), and asserts that $285.00 is a reasonable hourly rate (doc. 205-4). He has practiced in Florida since 2000 and since 2001, at Emmanuel Sheppard in construction law, civil litigation, and eminent domain (doc. 205-4). Reeder asserts that he is proficient in conflict of laws issues, which was a skill required in this action because of Continental's attempt to assert the applicability of Florida law. (*Id.*) The Court finds that in this district, $225.00 per hour is a reasonable hourly rate for an attorney with his skill, experience, reputation, and years of practice who is serving as local counsel. The rate is in line with the rate customarily charged in this district for similar legal services. *See Barnes*, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

Reeder's time entries indicate that he primarily received and reviewed emails, pleadings, discovery, motions and responses, and other documents from Faughnan Mendicino, opposing counsel, and the court, and then communicated with his staff, Faughnan Mendicino, and opposing counsel in regard to same.[11]  Other than reviewing documents and emails, Reeder entered 4.60

---

[11]  For example, Reeder entered: "Receipt and review of court email re: Continental answer due date; email to attorney O'Connell, Sherry Ware re: Continental answer" (doc. 205-11, p. 5); "Receipt and review of Coltin's answer to counterclaim; email to staff re: preparing answer to counterclaim for filing. . . . Conference with Sherry Ware re: filing answer to counterclaim; review answer to counterclaim' review court email re: confirmation of filing answer to counterclaim. . . . Review email from Sherry Ware to O'Connell re: filing answer to counterclaim." (Id., p. 6); "Review email from Tom O'Connell re: protective order: email to Nicole Ransom and attorney Staak re: filing protective order: review final protective order; conference with Nicole Ransom re: filing; review email from attorney Staak re: final approval of protective order." (*Id.*, p. 9);  "Receipt

hours to communicate with counsel and staff to prepare for and schedule the parties' planning meeting, participate in the meeting, review the draft report received from Mendicino, revise the report before filing, communicate with his staff regarding the revisions and filing the report. (Doc. 205-11, p. 7)  Reeder also documented time spent on the state court action (Id., p. 4).  However, the descriptions indicate that Reeder's work was redundant to that of Faughnan Mendicino and not a distinct contribution.  Accordingly, the Commissioner is not entitled to an award for the work performed by Reeder and the request is denied.

The Commissioner also seeks an award for the work performed by the paralegals at Emmanuel Sheppard.  Reeder states that his paralegals worked 18.6 hours on this matter at a rate between $90 and $115.00 an hour (doc. 205-4).  Reeder does not indicate the names of the paralegals, but Sherry Ware and Nicole Ransom are specifically mentioned in Reeder's time entries and they appear to have recorded time entries (doc. 205-11).  However, as with Reeder, the bulk of the paralegal time entries do not indicate any distinct contribution to the action but instead again consist of receiving and reviewing emails, documents, and pleadings; frequently mirroring the time entries by Reeder.[12]  Also, several entries indicate clerical work as opposed to work customarily performed by an attorney. *Johnson v. TMI Management Systems, Inc.*, 2012 WL 4435304, *5-6 (S.D. Ala., Sept. 26, 2012) ("The law is quite clear that 'purely clerical or secretarial tasks should

and review of memo in opposition to motion to intervene; phone call with attorney Garris re: revision to opposition; receipt and review of email from attorney Garris re bond; conference with Sherry Ware re: revision to opposition memo." (Id. p 11).

[12]  For example, on September 24, 2012, Reeder recorded "Review email confirming service on Continental" and Ransom recorded "E-mail regarding service of Continental Casualty." (Doc. 205-11, p. 4)  On February 20, 2013, Reeder recorded "Receipt and review of Coltin's objections to Continental's first request for production" and the day before, Ransom recorded "Receipt and review of discovery document: Coltin's responses to Continental's first request for production." (Id., p. 13)  On March 19, 2013, Reeder recorded "Receipt and review of order re: motion to intervene" and Ransom recorded "Receipt and review of Court Document: Order denying motion to intervene by Elkins." (Id., p. 14)

not be billed at a paralegal rate, regardless of who performs them.'") (quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463 (1989)).[13]  Accordingly, the Commissioner is not entitled to an award for the work performed by the paralegals at Emmanuel Sheppard and the request is denied.

Additionally, if the Court were inclined to an award, the requested hourly rate of $110.00 per hour for the paralegal work is not reasonable in this district.  Reeder identifies the paralegal as a "certified paralegal" (doc. 205-4).  However, absent a showing that a paralegal possesses some extraordinary qualification or expertise, this Court has routinely found a rate of $75.00 was reasonable for work by paralegals.  *See Oden v. Vilsack*, 2013 WL 4046456, at *7 (S.D. Ala. Aug. 9, 2013); *SE Prop. Holdings, LLC v. 145, LLC*, 2012 WL 6681784, at *4 (S.D. Ala. Dec. 21, 2012); *Johnson v. TMI Mgmt. Systems, Inc.,* 2012 WL 4435304, at *4 (S.D. Ala. Sept. 26, 2012).

### 3. Costs and expenses

The Commissioner seeks an award of $47,802.14 for expenses and costs incurred by BCM, $4,690.70 for expenses and costs incurred by Black & Gerngross, and $580.62 for expenses and costs incurred by Emmanuel Sheppard and Condon (docs. 195, 205).

### (a) Costs

Continental argues that the Commissioner is not entitled to recover litigation costs because the statute, Ala. Code § 39-1-1(b) does not provide for recovery of costs but instead is specifically limited to an award of attorney's fees.   Continental compares this statute with Ala. Code § 39-1-1(d) which specifically provides for attorney's fees and costs. Continental also argues that Local Rule 54.1 requires the Commissioner as the prevailing party, to file a verified bill of costs within fifteen days of the date of the judgment or other final order and that failure to comply constitutes a

---

[13]  For example, notifying the attorneys and other paralegals of forthcoming deadlines, conferences with the court clerk regarding electronic filing, contacting the private process server, calendaring, telephone conferences

waiver of costs.  Continental asserts that the Commissioner did not file a verified bill of costs and

therefore, has waived her claim for costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states as follows:

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a
court order provides otherwise, costs--other than attorney's fees--should be
allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1).  Local Rule 54.1 provides for taxation of costs by the Clerk.  The local rule

states that a "prevailing party who desires to tax costs must file with the court, within fifteen days

of the date of the judgment or other final order … a verified bill of costs" and upon receipt, the Clerk

should tax costs in conformity with 28 U.S.C. §§ 1920,[14] 1921,[15] and 1923 (certain docket fees in

civil actions and costs of briefs for admiralty appeals) and other provisions of law that may apply.

S.D. Ala. L.R. 54.1(a) & (b).

Local Rule 54.1(d) also states that "[f]ailure to comply with the time limitations of this Rule

shall constitute a waiver of costs, unless otherwise ordered by the court." S.D. Ala. L.R. 54.1(d).

The Court declines to order otherwise or to relieve the Commissioner of this waiver.  Therefore, to

the extent that the Commissioner seeks costs pursuant to the statute or under Rule 54(d)(1), the

request is denied because the Commissioner did not file a verified bill of costs within the fifteen-

day time frame.

---

[14] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the
clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for
use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification
and the costs of making copies of any materials where the copies are necessarily obtained for use in
the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed
experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation
services under section 1828 of this title." 28 U.S.C. § 1920.

[15] The fees that the United States' marshals or deputies routinely collect for serving writs, serving
subpoenas or summons for witnesses, for maritime or civil executions, seizures or attachments,
copies, travel expenses, and overtime. 28 US.C. § 1921.

(b)  Expenses

The Commissioner's motion for award of statutory attorney's fees includes a request for litigation expenses (docs. 195, 205).   In support of the expenses incurred, she provides copies of the invoices from the respective law firms, declarations of counsel, and as to BCM, the declarations of local attorneys Copeland and Vaughan[16] (docs. 205-1 through 14).

Continental argues that the Commissioner is not entitled to an award for expenses because the statute, Ala. Code § 39-1-1(b), does not provide for recovery of expenses, but instead is specifically limited to an award of attorney's fees.  Continental compares this statute with Ala. Code § 39-1-1(d) which specifically provides for recovery of an attorney's fees and costs, but also does not provide for expenses.

As to related nontaxable expenses, Rule 54(d)(2) provides in relevant part as follows:

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must: . . .

 (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it [.]

Fed. R. Civ. P. 54(d)(2)(A) & (B).

 Local Rule 54.3 provides that if the final judgment "does not determine (or establish other procedures for determining) the propriety of the amount of attorney's fees authorized by statute or the equitable or inherent powers of the court . . . [t]he award of such fees (and expenses incident thereto not ordinarily allowable as taxable costs) shall be requested by special written motion

---

[16]  Vaughan stated that he had reviewed the expenses incurred by BCM and "[b]ased upon the discovery conducted, retained expert, legal research services, and trial time", it was his opinion that the expenses claimed were fair and reasonable.  (Doc. 205-14)

addressed to the court, and shall not be included in a cost bill or motion for taxation of costs[.]" S.D. Ala. L.R. 54.3(a).  "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." *Eagle Insurance Co. v. Johnson*, 982 F. Supp 1456, 1458 (M.D.Ala.1997) (citations omitted).  On the other hand, "costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." *Id.* (citations omitted).

The Commissioner has moved for expenses not ordinarily taxed as costs.  Her itemization includes travel and meal expenses for attorneys, expenses related to expert witnesses,[17] and the expenses of electronic legal research which are ordinarily not taxed as costs.  The statute upon which the Commissioner relies, Ala. Code §39-1-1(b), provides in relevant part, as follows:

> (b)  . . .  In the event the surety or contractor fails to pay the claim in full within 45 days from the mailing of the notice, then the person or persons may recover from the contractor and surety, in addition to the amount of the claim, a reasonable attorney's fee based on the result, together with interest on the claim from the date of the notice.

Ala. Code § 39-1-1(b).  However, the statute is silent as to expenses.

"It is well settled that federal courts are bound by the interpretation of a state statute by state courts." *Insurance Company of North America v. Lexow*, 937 F.2d 569, 571 (11th Cir.1991); *National Union Fire Ins. Co. v. Cavins*, 226 Fed Appx. 895, 899 (11th Cir. 2007).   The Court has not found an Alabama appellate court decision interpreting this statute to authorize an award of litigation expenses as part of an award of a reasonable attorneys' fee.   In *White-Spunner Const., Inc. v. Construction Completion Co., LLC*, 103 So.3d 781 (Ala. 2012), the trial court entered summary judgment in favor of sub-contractor Construction Completion and against general

---

[17] Under 28 U.S.C. § 1920(3), "[f]ees and disbursements for . . . witnesses" is considered a cost when the expert appears at trial. But, in that context, the costs are limited by 28 U.S.C. § 1821 which authorizes reimbursement for travel expenses and the $40.00 per diem.

contractor White-Spunner and its surety Hartford Fire Insurance Company.  The trial court also found that White-Spunner was liable for Construction Completion's expenses, but not the surety Hartford, "because § 39–1–1 contained no provision for recovering expenses from a surety." *Id*. at 786. White-Spunner and Hartford appealed.

The Alabama Supreme Court reversed and remanded the trial court's decision upon finding that Construction Completion had illegally contracted with Buena Vista Construction, LLC, which was not properly licensed to do business in Alabama.  White-Spunner and Hartford argued that Construction Completion was effectively suing them to recover money due as a result of work performed by its sub-subcontractor Buena Vista, but because Buena Vista was an unlicensed contractor, its contract with Construction Completion was illegal and void, and therefore, Construction Completion could not prevail on its claim against White-Spunner and Hartford.

The Alabama Supreme Court found that Construction Completion's contract with Buena Vista was illegal and therefore it could not maintain a cause of action against White-Spunner and Hartford because it relied in whole or in part upon an illegal transaction to which Construction Completion was a party. *Id.* at 794.  The Court reversed and remanded the case for further proceedings consistent with the decision.  However, the Court did not address or find unsupported the trial court's decision that Construction Completion could not recover expenses against the surety Hartford because there was no provision for same in the statute, Ala. Code 39-1-1(b).

In *Hartford Acc. & Indemnity Co. v. Cochran Plastering Co., Inc.*, the appellate court addressed only Cochran Plastering's claim for an attorney's fee.  The appellate court cited *Ex parte Klinefelter, Halsey, Jones & Cater, P.C.*, 674 So.2d 1287, 1290 (Ala.1995) for the premise that " 'In Alabama and most other jurisdictions, the general rule is that attorney's fees and expenses of litigation are not recoverable as damages, in [the] absence of a contractual or statutory duty, other than [by] a few recognized ... equity principles.' " 935 So. 2d at 472 (citation omitted).   And then

explained "[i]n this case, § 39–1–1(b), Ala. Code 1975, provides that in an action against a surety

for a company that has entered into a contract with a subdivision of the state, the party suing may

seek 'in addition to the amount of the claim, a reasonable attorney's fee based on the result, together

with interest on the claim from the date of the notice.'" *Id*.

The appellate court then addressed Cochran Plastering's claim for attorney's fees without mention

of expenses or costs, and relying upon the attorney's description of the hours expended and the

work performed. *Id*. at 474.

   Based upon the limited cases that discuss or address Ala. Code § 39-1-1(b), the Court finds

that the Commissioner is not entitled to expenses because there is no statutory provision for

recovery of expenses as part of a reasonable attorney's fees.  Additionally, the Commissioner has

not provided any argument that any "contract" or "special equity" exists that could form the basis

for an award of expenses. *See Jones v. Regions Bank*, 25 So.3d at 441. Accordingly, the

Commissioner's request for an award of litigation expenses is denied.

   C. Conclusion

   Previously, the Court reserved jurisdiction to address the Commissioner's claim for interest

and reasonable attorneys' fees pursuant to Ala. Code § 39-1-1(b) (doc. 190).  The Court determined

that the Commissioner was entitled to pre-judgment interest in the amount of $19,405.48 (doc. 208).

The Court now awards $ 110,124.13 as a reasonable attorney's fee.  Therefore, an amended final

judgment shall be entered by separate document.

   DONE and ORDERED this the 15th day of January 2015.


     /s/ Kristi K. DuBose
     KRISTI K. DuBOSE
     UNITED STATES DISTRICT JUDGE