IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAREN WELDIN STEWART, CIR-MI, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, )<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>COLTIN ELECTRIC, INC.,<br><br>Third-Party Defendant. | CIVIL ACTION NO. 12-0532-KD-B |

## ORDER

This action is before the Court on the defendant Continental Casualty Company's motion for award of attorney's fees and supporting memorandum (doc. 194) and application for award of attorney's fees and litigation expenses (doc. 204). Upon consideration, and for the reasons set forth herein, the motion and application are DENIED.[1]

This Court's jurisdiction is based on diversity and Alabama is the forum state; therefore, the court applies the law of the State of Alabama to determine whether a party is entitled to fees and to resolve disputes as to the reasonableness of fees. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) (citing *Coastal Roofing Co., Inc. v. David Boland, Inc.,* 309 F.3d 758, 760 (11th Cir. 2002) ("Since Boland's claim for attorneys' fees sounds in state law and reaches us by way of federal diversity jurisdiction, we apply the substantive law of Florida, the forum state."

---

[1] The plaintiff Karen Weldin Stewart's motion to strike (doc. 192) is MOOT.

(citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))). "It is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes." *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (citation omitted). "As the Supreme Court has stated:

> [I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."

*McMahan*, 256 F. 3d at 1133 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S. Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975) (citation and quotation omitted)).

"Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract" or "special equity". *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *Hartford Acc. & Indem. Co. v. Cochran Plastering Co., Inc.*, 935 So.2d 462, 472 (Ala. Civ. App. 2006) (citations omitted) (same).

Relevant to this motion, Ala. Code § 39–1–1(d) sets forth specific instructions for making an offer of judgment and provides as follows:

> (d) In the event a civil action is instituted on the payment bond, at any time more than 15 days before the trial begins, any party may serve upon the adverse party an offer to accept judgment in favor of the offeror or to allow judgment to be entered in favor of the offeree for the money or as otherwise specified in the offer. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service and the clerk of the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of the offer shall not be admissible. If the judgment finally obtained by the offeree is less favorable than the offer, the offeree shall pay the reasonable attorney's fees and costs incurred by the offeror after the making of the offer. . . .

Ala. Code 39-1-1(d).

B. Analysis

Continental argues that it is statutorily entitled to attorneys' fees, costs, and litigation expenses totaling $414,445.46, incurred after Continental served an Offer of Judgment upon plaintiff on September 26, 2013. (See Continental's notice of filing offer of judgment previously

2

served under Alabama Code § 39-1-1, and notice of intent to file application for attorney's fees and costs (doc. 191-1)).   Continental argues that because the net judgment to the Commissioner, $145,000.00, is less than Continental's offer of $150,000.00, the "judgment finally obtained" is "less favorable than the offer" and therefore, it is entitled by statute to attorney's fees and costs.

Continental may be entitled to attorney's fees, costs and expenses only if the judgment finally obtained is less favorable than the offer.  In that regard, Ala. Code § 39-1-1(b) states that "[i]n the event the surety or contractor fails to pay the claim in full within 45 days from the mailing of the notice, then the person or persons may recover from the contractor and surety, in addition to the amount of the claim, a reasonable attorney's fee based on the result, together with interest on the claim from the date of the notice."  The Court has awarded interest on the claim from the date of the notice and a reasonable attorney's fee to the plaintiff (docs. 208, 219).  The judgment has been amended to include these awards.  Thus, the judgment finally obtained exceeds the offer.  Accordingly, Continental's motion and application are denied.

DONE and ORDERED this the 20th day of January 2015.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE